JKM

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enrique Rodriguez-Macias, ) | No. CV 05-1796-PHX-DGC (MEA) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Alberto Gonzales, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Enrique Rodriguez-Macias, who is confined in the Eloy Detention Center in Eloy, Arizona, has filed a *pro se* Civil Rights Complaint. Plaintiff also has filed an Application to Proceed *In Forma Pauperis* and seven other motions. Plaintiff's Application to Proceed *In Forma Pauperis* will be granted, but the action will be dismissed.

**IN FORMA PAUPERIS APPLICATION**

Plaintiff is confined in an immigration detention facility awaiting the conclusion of civil deportation proceedings. Plaintiff is therefore not subject to the Prison Litigation Reform Act ("PLRA") fee payment requirements that apply to "prisoners." Agyeman v. INS, 296 F.3d 871, 886 (9th Cir. 2002) ("the filing fee requirements of the PLRA do not apply to an alien detainee proceeding *in forma pauperis*"). Accordingly, Plaintiff's Application to Proceed *in Forma Pauperis* will be granted.

////

////

**COMPLAINT AND SCREENING ORDER**

**A. Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), a district court is required to dismiss an *in forma pauperis* case at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (*en banc*) (§ 1915(e) "applies to all in forma pauperis complaints, not just those filed by prisoners").

**B. Complaint**

Plaintiff is a native and citizen of Mexico who was admitted to the United States on June 1, 1980. On May 3, 2004, Plaintiff pleaded guilty to one count of annoying or molesting a child under the age of 18 in violation of § 647.6(a) of the California Penal Code. He was sentenced to serve 60 days in jail as a condition of his three year term of probation. On May 17, 2004, the Department of Homeland Security issued a Notice to Appear charging that Plaintiff was removable under 8 U.S.C. § 1227(a)(2)(E)(i) as an alien convicted of a child abuse offense. An immigration judge apparently issued an order for Plaintiff's removal from the United States. In his Complaint, Plaintiff alleged that his appeal was pending with the Board of Immigration Appeals ("BIA"). The docket[1] of the United States Court of Appeals for the Ninth Circuit, however, reflects that Plaintiff filed a petition for review in the court of appeals on July 5, 2005. Rodriguez-Macias v. Gonzales, No. 05-73950 (9th Cir. filed Jul. 5, 2005). Plaintiff's appeal is still pending with the Ninth Circuit. Id.

On March 21, 2005, Plaintiff filed a petition for writ of habeas corpus challenging his removal proceedings. See Rodriguez-Macias v. Bureau of Immigration and Customs

---

[1] The Court takes judicial notice of Plaintiff's proceedings in the Ninth Circuit pursuant to Rule 201 of the Federal Rules of Evidence. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992) (a court may take judicial notice "of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

1  Enforcement, CV 05-0235-TUC-DCB (D. Ariz.).  On June 6, 2005, the prior habeas corpus
2  action was dismissed for failure to exhaust administrative remedies and for lack of
3  jurisdiction under the REAL ID Act of 2005.  Id. at Doc. # 4.
4       In his Civil Rights Complaint, Plaintiff asserts three counts against Defendant
5  United States Attorney General Alberto Gonzales:  (1) that Plaintiff's immigration removal
6  proceedings are unlawful because federal officials lack subject matter jurisdiction to
7  enforce laws that fall within the authority of the states and that the immigration
8  proceedings are therefore arbitrary and capricious; (2) that the immigration charges are
9  improper because "no record of conviction affirmate [sic] violation of the Act," Petition at
10 5; and (3) that his current detention is unlawfully based upon "a collusion between Federal
11 and state government" and upon a "legal theory [that is] not cognizable under the
12 Immigration and Nationality Act for deportation," Petition at 6.

### C. Failure to State a Claim

14      Plaintiff's claims challenging an order of removal and seeking release from
15 confinement are not cognizable in a civil rights action.  See Preiser v. Rodriguez, 411 U.S.
16 475, 484 (1973) (a petition for writ of habeas corpus is the only proper mechanism for a
17 detainee to challenge the legality or duration of his confinement).  This action will not be
18 treated as a petition for writ of habeas corpus, however, because Plaintiff has failed to
19 exhaust judicial remedies and because this Court is without jurisdiction to entertain a
20 habeas corpus action challenging an order of removal.
21      "[A]s a prudential matter, . . . habeas petitioners [must] exhaust available judicial and
22 administrative remedies before seeking relief under § 2241."  Castro-Cortez v. INS, 239 F.3d
23 1037, 1047 (9th Cir. 2001).  Because his petition for review is still pending in the Ninth
24 Circuit, Plaintiff has not exhausted available judicial remedies with respect to his claims
25 challenging the propriety of his removal order.  Additionally, in light of the amendment
26 made to 8 U.S.C. § 1252(a)(5) by the REAL ID Act of 2005, those claims are now cognizable
27 only in the court of appeals and not in a § 2241 habeas corpus petition filed with the
28 district court.  See Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section

1  106(a)(1)(B)) (an order of removal may only be reviewed in the courts of appeals). Whether
2  brought as a civil rights action or as a petition for writ of habeas corpus, Plaintiff's
3  challenge to his removal proceedings is not cognizable in this Court. Accordingly, the
4  action will be dismissed.

5  Plaintiff has also filed seven largely incomprehensible motions. Those motions will
6  be denied because, to the extent they are comprehensible at all, they merely restate the
7  claims made in the Complaint.

8  **IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma*
9  *Pauperis* (Doc. 3) is **granted**.

10  **IT IS FURTHER ORDERED** that Plaintiff's Motion of Request (Doc. # 4), Motion
11  in Support (Doc. # 6), "Resubmition Motion" (Doc. # 7), Motion to Petition a Subpoena
12  (Doc. # 8), Motion to Modify (Doc. # 9), and "Motion to Affirmate" (Docs. # 10 & # 11) are
13  **denied**.

14  **IT IS FURTHER ORDERED** that the Complaint and this action are **dismissed.** The
15  Clerk of Court shall enter judgment accordingly.

16  DATED this 27th day of December, 2005.

_David G. Campbell_
David G. Campbell
United States District Judge